UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEAN CLINTON** | **CIVIL ACTION NO. 2:23-cv-01521** |
| **VERSUS** | **JUDGE GREG GUIDRY** |
| **WILSHIRE INSURANCE COMPANY** | **MAG. DONNA CURRAULT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES AND AFFIRMATIVE DEFENSES AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes Defendant, Wilshire Insurance Company, (hereinafter "Wilshire"), and in response to Plaintiffs' Complaint for Declaratory Judgment and Damages ("Complaint") filed herein by Plaintiff, Jean Clinton, respectfully represents as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Complaint are denied as written.

III.

The allegations contained in Paragraph 3 of the Complaint do not appear to warrant a response from this Defendant but are denied as written out of an abundance of caution.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied as written.

V.

The allegations contained in Paragraph 5 of the Complaint are denied.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied as written.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied as written.

VIII.

The allegations contained in Paragraph 8 of the Complaint are denied.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied as written.

X.

The allegations contained in Paragraph 10 of the Complaint are denied as written.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied as written.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied.

XVI.

The allegations contained in Paragraph 16 of the Complaint are denied as written.

XVII.

The allegations contained in Paragraph 17 of the Complaint are denied.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are denied.

XIX.

The allegations contained in Paragraph 19 of the Complaint are denied.

XX.

The allegations contained in Paragraph 20 of the Complaint are denied.

XXI.

The allegations contained in Paragraph 21 of the Complaint are denied.

XXII.

The allegations contained in Paragraph 22 of the Complaint are denied.

XXIII.

The allegations contained in Paragraph 23 of the Complaint do not appear to warrant a response from this Defendant but are denied out of abundance of caution.

XXIV.

The allegations contained in Paragraph 24 of the Complaint are denied.

XXV.

The allegations contained in Paragraph 25 of the Complaint do not appear to warrant a response from this Defendant but are denied out of an abundance of caution.

XXVI.

The allegations contained in Paragraph 26 of the Complaint are denied.

XXVII.

The allegations contained in Paragraph 27 of the Complaint are denied.

XXVIII.

The allegations contained in Paragraph 28 of the Complaint are denied as written.

XXIX.

The allegations contained in Paragraph 29 of the Complaint are denied.

XXX.

The allegations contained in Paragraph 30 of the Complaint are denied.

XXXI.

The allegations contained in Paragraph 31 of the Complaint are denied.

XXXII.

The allegations contained in Paragraph 32 of the Complaint are denied.

XXXIII.

The allegations contained in Paragraph 33 of the Complaint are denied.

XXXIV.

The allegations contained in Paragraph 34 of the Complaint are denied.

XXXV.

The allegations contained in Paragraph 35 of the Complaint are denied.

XXXVI.

The allegations contained in Paragraph 36 of the Complaint are denied.

XXXVII.

The allegations contained in Paragraph 37 of the Complaint are denied.

XXXVIII.

The allegations contained in Paragraph 38 of the Complaint are denied.

XXXIX.

The allegations contained in Paragraph 39 of the Complaint are denied.

XL.

The allegations contained in Paragraph 40 of the Complaint are denied.

XLI.

The allegations contained in Paragraph 41 of the Complaint are denied.

XLII.

The allegations contained in Paragraph 42 of the Complaint are denied.

XLIII.

The allegations contained in Paragraph 43 of the Complaint are denied.

XLIV.

The allegations contained in Paragraph 44 of the Complaint are denied.

XLV.

The allegations contained in Paragraph 45 of the Complaint are denied.

XLVI.

The allegations contained in Paragraph 46 of the Complaint are denied.

XLVII.

The allegations contained in Paragraph 47 of the Complaint are denied.

XLVIII.

The allegations contained in Paragraph 48 of the Complaint are denied.

XLIX.

The allegations contained in Paragraph 49 of the Complaint are denied.

L.

The allegations contained in Paragraph 50 of the Complaint are denied.

LI.

The allegations contained in Paragraph 51 of the Complaint are denied.

LII.

The allegations contained in Paragraph 52 of the Complaint are denied.

LIII.

The allegations contained in Paragraph 53 of the Complaint are denied.

LIV.

The allegations contained in Paragraph 54 of the Complaint are denied.

LV.

The allegations contained in Paragraph 55 of the Complaint are denied.

LVI.

The allegations contained in Paragraph 56 of the Complaint are denied.

LVII.

The allegations contained in Paragraph 57 of the Complaint do not appear to warrant a response from Defendant to the extent Plaintiffs seek a trial by jury.

XLVIII.

The allegations contained in the prayer paragraph are denied.

A.

**AFFIRMATIVE DEFENSES**

AND NOW, in further answer to the Complaint, Wilshire asserts the following Affirmative Defenses:

Plaintiff's Complaint fails to state a claim against Wilshire upon which relief can be granted.

B.

Plaintiff is not a proper party to assert a cause of action made herein.

C.

Wilshire's obligations to plaintiff are subject to the terms, conditions, exclusions, and limitations of the Policy. Wilshire refers to and incorporates herein by reference the terms, conditions, exclusions, and limitations of the Policy and avers that the Policy is a written instrument that speaks for itself and is the best evidence of its contents.

D.

Plaintiff's claims are barred or limited to the extent that Plaintiff has failed to satisfy conditions precedent and subsequent to the existence of insurance coverage under the Policy, including, but not limited to, the failure to cooperate in the adjustment, investigation, and settlement of the claim as required by the Policy.

E.

Coverage under the Policy at issue in this case applies in excess of the applicable deductible that is particularly defined in the terms of the Policy. To the extent that the value of the damage to the insured property does not exceed the deductible applicable to a particular loss, or, to the extent

that Plaintiff has not yet met the deductible for a particular loss, Wilshire does not have an obligation to pay any portion of the claim that falls within the deductible.

F.

Wilshire has adjusted Plaintiff's claim in good faith, in accord with the terms and conditions of the Policy and in compliance with any applicable statutory or jurisprudential law, and has timely paid all undisputed damages.

G.

Wilshire has satisfied all duties and obligations under the Policy. Plaintiffs have been fully compensated for his alleged loss by Wilshire (those which have been reported by the insured), which has satisfied all duties and obligations under the Policy. Wilshire is entitled to a credit or set-off of all amounts previously paid.

H.

To the extent that Wilshire is legally entitled to any credit or set-offs for any amounts previously paid or made in the future to Plaintiff, Wilshire hereby claims those credits or set-offs against any eventual award made to Plaintiff. To the extent Wilshire has made payments to which Plaintiff is not entitled, Wilshire reserves its rights to recover those amounts by reconventional demand or counterlciam.

I.

Plaintiff's claims fall outside the scope of coverage provided by the Policy to the extent that the claims are for loss or damage to property that is not specifically identified by the Policy as covered in the declarations Section I – Property Coverages.

J.

Coverage under the Policy is subject to certain limits and sub-limits. To the extent that any of these limits or sub-limits have been exhausted or reduced through the payment of claims or by other means, Wilshire has discharged and/or reduced its obligations under the Policy and owes no further duty to Plaintiff.

K.

Although Wilshire denies that it in any manner breached its contractual or statutory duties to Plaintiff, should Plaintiff establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

L.

Plaintiff has failed to mitigate his damages. Wilshire is without knowledge or information sufficient upon which to base a belief as to whether other affirmative defenses apply in this matter. Contingent on the facts revealed by investigation and discovery, Wilshire expressly reserves its right to raise any additional affirmative defenses which may be applicable.

M.

Plaintiffs have failed to provide Wilshire with satisfactory proof of loss and has inhibited Wilshire's ability to investigate the claim made subject to the instant lawsuit.

N.

Some or all of Plaintiff's alleged damages were caused by the fault, neglect, want of due care or breaches of contract, express or implied, of persons, businesses, corporations or other legal entities for whom Wilshire is not legally responsible.

O.

Some of all of Plaintiff's damages alleged in the Complaint may not be covered under the Policy's provisions, in whole or in part, and/or may be excluded from coverage, in whole or in part, pursuant to the terms, conditions, definitions, exclusions and/or limitations of coverage contained within the Policy which are incorporated herein by reference.

P.

To the extent that Plaintiff's claims have been settled and/or partially settled, such fact serves as a bar to or diminishes any recovery herein. Their claims are subject to a credit for any and all payments Wilshire or any other parties or insurers have made.

Q.

Defendant hereby pray for a trial by jury.

**WHEREFORE**, Defendant, Wilshire Insurance Company, prays that this Answer, be deemed good and sufficient and that, after due proceedings are had, there be judgment in its favor dismissing Plaintiff's Complaint at Plaintiff's costs or, alternatively, reducing recovery on a comparative fault basis.

RESPECTFULLY SUBMITTED:

**McGlinchey Stafford, PLLC**

*/s/ Lauren N. Baudot*
Lauren N. Baudot (#36367)
Gillian Rose Miculek (#40452)
601 Poydras Street – Suite 1200
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800
E-mail: lbaudot@mcglinchey.com
E-mail: gmiculek@mcglinchey.com

*Attorneys for Wilshire Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on 7th day of June 2023 I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/FCF system, and that all participants in the case are registered CM/FCF users and that service will be accomplished by the CM/FCF system.

/s/ *Lauren N. Baudot*